
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

GARY TRIESTMAN,

          PLAINTIFF,

-VS-

THE TOWN & MUNICIPALITY OF WOODSTOCK, NY;
PAUL SHULTIS [in personal and official capacities],
Zoning Enforcement Officer;
OTHER CURRENTLY UNKNOWN NAMED EMPLOYEES
OF THE TOWN OF WOODSTOCK,

          DEFENDANTS.

---

- $150.00 fee pd
U.S. DISTRICT COURT # 62023
N.D. OF N.Y.
FILED    - sms issued

JAN 17 2002

LAWRENCE K. BAERMAN, CLERK
ALBANY

CIVIL CASE No. 02-CV-0064

COMPLAINT   TJM DRH
[Trial by Court Demanded]

## JURISDICTION

This civil action is brought pursuant to 42 U.S.C. §1983, and/or other applicable federal statute and remedy, to seek redress of deprivations, under color of State law, of any right, privilege, or immunity secured by the Constitution of the United States or by any other applicable federal statutory or regulatory law.

The court has jurisdiction over this action pursuant to 28 U.S.C. §1331, and §1343 which provides for original jurisdiction of the court in all suits authorized by 42 U.S.C. §1983, et seq, and pursuant to §2201, which provides for the issuance of declaratory judgments.

Venue is granted for causes of action occuring in the Northern District of New York.

This action seeks injunctive relief, declaratory judgment, and/or any other adjudicative relief due Plaintiff by law.

**PARTIES:**

PLAINTIFF:

Gary Triestman
P.O. Box 563
Bearsville, NY 12409
(845) 679-4770
(845) 679-7698 [FAX]

DEFENDANTS:

Town of Woodstock
45 Comeau Drive
Woodstock, NY 12498
(845) 679-2113
(845) 679-8743 [FAX]

Paul Shultis
Zoning Enforcement Officer
Town of Woodstock
45 Comeau Drive
Woodstock, NY 12498
(845) 679-2113 x3

Other Unknown Named Persons
Acting in their official capacity, responsible for the denial of the instant federal rights and guarantees.
45 Comeau Drive
Woodstock, NY 12498
(845) 679-2113
(845) 679-8743 [FAX]

## STATEMENT OF CLAIM
### Facts of the Case

In the hamlet of Shady, N.Y., Plaintiff has, affixed to his U.S. Postal mailbox post, a small (8 ft²) sign advertising his computer repair business.

On January 15, 2002, Defendant Paul Shultis, acting in his official capacity and under color of State law, for Defendant Town of Woodstock, a governmental municipality in the state of New York, did issue upon and against Plaintiff three ORDER[s] TO REMEDY VIOLATION, File No.'s 02-048 to 02-050, in violation of Local Law #2 of 1989, Section V.C., 7; see Exhibits A1, A2 & A3., and Exhibit B.

The subject law provides for criminal penalties of fine and imprisonment, under color of State law.

Furthermore, in violation of subject Local Law [Exhibit B @ §§C.1.h], which provides for a period of 10 days to address an alleged violation and to seek grievance by legal remedy or administrative review, Defendant Shultis ordered Plaintiff to remedy within 48 hours.

Furthermore, although other similarly situated persons have effected equivalent sign activities, the Defendants have not prosecuted them; this selective enforcement is based upon the impermissible prejudice and motives of the Defendants against the images and activities of higher technology or modern endeavors, in favor of and so as to impose a "rustic" and/or pastoral motif and homogeny of life, as if the citizens had entered into a voluntary community compact and covenant to do so.

The subject Local Laws by which Plaintiff is aggrieved and suffers criminal penalties are in fact in violation of his guarantees and rights secured by the U.S. Constitution, under the 1st, 5th and 14th Amendments.

## Counts of Legal Violations on Complaint

### Count 1:

Defendants' subject law and actions therefrom are in violation of Amendment I of U.S. Constitution's prohibition to abridgement of free speech;

### Count 2:

Defendants are in violation of Amendment V of the U.S. Constitution's protection against the deprivation of property without process of law due and rights secured;

### Count 3:

Defendants are in violation of Amendment V of the U.S. Constitution's protection against the taking of private property for public use or constraint, without just compensation.

### Count 4:

Defendants are in violation of Amendment XIV of the U.S. Constitution's guarantees for the effectuation of equal protection under the law for all those similarly situated, and against discrimination thereof for impermissible means.

### Count 5:

Defendants impermissibly infringe upon Plaintiff's entitlements of use and enjoyment of his properties under other federal laws and regulations.

## Relief Sought

Plaintiff seeks relief from the above cited unconstitutional law as imposed by the Defendants, and relief from the effectuation therefrom, so as to secure peaceable pursuits and liberties.

Plaintiff seeks declaratory judgment of subject law as unconstitutional, and he seeks the striking down of same as in violation of the rights secured under the U.S. Constitution, and/or other federal law.

Plaintiff seeks recognition of any other federal rights to use of subject properties, and guarantees of same as secured by federal statutory or regulatory law.

Plaintiff seeks legal fees, costs and any other declaratory, punitive or nominal damages that the court may deem fit to impose upon the Defendants.

In the alternative, Plaintiff seeks any mutually acceptable administrative agreement, settlement and action on the part of the Defendants.


I, Gary Triestman, Plaintiff in this action do hereby submit same to this court for entertainment, and do hereby swear that the above fact and statements are true to the best of my knowledge and belief, as per 28 U.S.C. §1746:


DATED: January 17, 2002

Submitted by:

Gary Triestman
Plaintiff
POB 563
Bearsville, NY 12409

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

**GARY TRIESTMAN,**

        **PLAINTIFF,**

-VS-

**THE TOWN & MUNICIPALITY OF WOODSTOCK, NY;**
**PAUL SHULTIS [in personal and official capacities],**
**Zoning Enforcement Officer;**
**OTHER CURRENTLY UNKNOWN NAMED EMPLOYEES**
**OF THE TOWN OF WOODSTOCK,**

        **DEFENDANTS.**

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

JAN 17 2002

LAWRENCE K. BAERMAN, CLERK
ALBANY

CIVIL CASE NO. 02-CV-0064

COMPLAINT

TJM DRH

# EXHIBITS
# A THROUGH B

Exhibit A1

# TOWN OF WOODSTOCK
45 Comeau Drive, Woodstock, NY 12498
PHONE (845) 679-2113, Ext. 3 - FAX (845) 679-8743

## ORDER TO REMEDY VIOLATION
No. 02-048

CERTIFIED MAIL: 7000 1670 0011 6682 5482  
TO: **GARY TRIESTMAN**  
*Authorized Agent of Owner)*  
**BOX 31, SHADY, NY 12409**  
*(Mailing Address of Owner or Authorized Agent of Owner)*

DATE: January 15, 2002

PLEASE TAKE NOTICE there exists a violation of:
- The NYS Uniform Fire Prevention & Building Code
- **X** Zoning Law
- Other applicable laws, ordinances or regulations

at premises hereinafter described in that **PLACEMENT OF SIGN WITHOUT REQUIRED PERMIT** violation of (section or paragraph of applicable law, ordinance or regulation) **LOCAL LAW #2 OF 1989, SECTION V.C., 7**

YOU ARE THEREFORE DIRECTED AND ORDERED to comply with the law and to remedy the conditions mentioned forthwith **48 HOURS.**

The remedial action to be taken is as follows: **REMOVE SIGN.**

The premises to which this ORDER TO REMEDY VIOLATION refers is situated **10 GARRISON ROAD**, in the town of Woodstock, **Section 15.4 Block 01 Lot 25.**

Failure to remedy the conditions aforesaid and to comply with the applicable provisions of law may constitute an offense punishable by fine or imprisonment or both.

If the violation pertains to the Zoning Law, persons aggrieved by this determination may appeal to the Town of Woodstock Zoning Board of Appeals within thirty (30) days of the date of this notice. Alternatively, for appeals concerning the State Building Code, appeals may be taken within thirty (30) days to the New York State Department of State Variance Board.

_____  
CODE ENFORCEMENT OFFICER  
PAUL SHULTIS

1 copy via First Class Mail  
1 copy to B.C. 468033 L.T.D Reita Braich

Exhibit A2

# TOWN OF WOODSTOCK
45 Comeau Drive, Woodstock, NY 12498
PHONE (845) 679-2113, Ext. 3 - FAX (845) 679-8743

## ORDER TO REMEDY VIOLATION
No. 02-049

CERTIFIED MAIL: 7000 1670 0011 6682 5505            DATE: January 15, 2002
TO: **B.C. 468033 L.T.D. c/o REITA BRAICH**
   Authorized Agent of Owner)
   **P.O. BOX 69, LAKE HILL, NY 12448**
   (Mailing Address of Owner or Authorized Agent of Owner)

PLEASE TAKE NOTICE there exists a violation of:
   ☐ The NYS Uniform Fire Prevention & Building Code
   **X** Zoning Law
   ☐ Other applicable laws, ordinances or regulations

at premises hereinafter described in that **PLACEMENT OF SIGN WITHOUT REQUIRED PERMIT** violation of (section or paragraph of applicable law, ordinance or regulation) **LOCAL LAW #2 OF 1989, SECTION V.C., 7**

   YOU ARE THEREFORE DIRECTED AND ORDERED to comply with the law and to remedy the conditions mentioned forthwith **48 HOURS.**

   The remedial action to be taken is as follows: **REMOVE SIGN.**

   The premises to which this ORDER TO REMEDY VIOLATION refers is situated **10 GARRISON ROAD**, in the town of Woodstock, **Section 15.4  Block 01  Lot 25.**

   Failure to remedy the conditions aforesaid and to comply with the applicable provisions of law may constitute an offense punishable by fine or imprisonment or both.

   If the violation pertains to the Zoning Law, persons aggrieved by this determination may appeal to the Town of Woodstock Zoning Board of Appeals within thirty (30) days of the date of this notice. Alternatively, for appeals concerning the State Building Code, appeals may be taken within thirty (30) days to the New York State Department of State Variance Board.

                                               _____
                                               CODE ENFORCEMENT OFFICER
                                               PAUL SHULTIS

1 copy via First Class Mail
1 copy to Gary Triestman

Exhibit A3

# TOWN OF WOODSTOCK
45 Comeau Drive, Woodstock, NY 12498
PHONE (845) 679-2113, Ext. 3 - FAX (845) 679-8743

## ORDER TO REMEDY VIOLATION
No. 02-050

CERTIFIED MAIL: 7000 1670 0011 8682 5475          DATE: January 15, 2002

TO: **GARY TRIESTMAN**
*Authorized Agent of Owner)*
**BOX 31, SHADY, NY 12409**
*(Mailing Address of Owner or Authorized Agent of Owner)*

PLEASE TAKE NOTICE there exists a violation of:
      The NYS Uniform Fire Prevention & Building Code
X    Zoning Law
      Other applicable laws, ordinances or regulations

at premises hereinafter described in that **PLACEMENT OF SIGN FOR COMMERCIAL ENTERPRISE WITHOUT REQUIRED SPECIAL USE PERMIT** violation of (section or paragraph of applicable law, ordinance or regulation) **LOCAL LAW #2 OF 1989, SECTION V.C., 2.3.B.**

    YOU ARE THEREFORE DIRECTED AND ORDERED to comply with the law and to remedy the conditions mentioned forthwith **48 HOURS.**

    The remedial action to be taken is as follows**: REMOVE SIGN.**

    The premises to which this ORDER TO REMEDY VIOLATION refers is situated **10 GARRISON ROAD**, in the town of Woodstock, **Section 15.4  Block 01  Lot 25.**

    Failure to remedy the conditions aforesaid and to comply with the applicable provisions of law may constitute an offense punishable by fine or imprisonment or both.

    If the violation pertains to the Zoning Law, persons aggrieved by this determination may appeal to the Town of Woodstock Zoning Board of Appeals within thirty (30) days of the date of this notice. Alternatively, for appeals concerning the State Building Code, appeals may be taken within thirty (30) days to the New York State Department of State Variance Board.

CODE ENFORCEMENT OFFICER
PAUL SHULTIS

1 copy via First Class Mail
1 copy to B.C. 468033 L.T.D. C/o Reita Braich

Exhibit B
(8 pages)



# The Zoning Law

# of the

# Town of Woodstock

## Ulster County, New York

Local Law No. 2 of the year 1989

incorporating all amendments through

## MAY 2001

or required loading berths shall be on the same lot as the use to which they are accessory, except as permitted below. No entrance or exit for any off-street parking or loading area shall be located within fifty (50) feet of any street intersection, nor shall any off-street loading berth encroach on any required front yard or required side yard, accessway or off-street parking area, except that in a commercial district off-street parking areas may be used for loading and unloading, provided that such areas shall not be so used or restricted for any more than three (3) hours during the daily period that the establishment is open for business.

c. Permitted or required loading berths, open or enclosed, may be provided in spaces designed to serve jointly two (2) or more adjacent establishments.

## C. SIGN REGULATIONS.

1. **General Regulations.** The provisions contained within this Section shall apply to all signs and to all districts, regardless of designation, within the Town of Woodstock.

   a. Any sign or use of signs not specifically permitted by provision of these regulations is prohibited, including, but not limited to, the following:

      (1) real estate "sold" and "under contract" signs;

      (2) movable signs, except permitted temporary signs;

      (3) multiple-faced, other than double-faced, signs;

      (4) billboards;

      (5) signs or other advertising devices which advertise a profit-making business or organization and which appear upon permanent pickup and delivery containers;

      (6) directly-illuminated signs or advertising devices, unless specifically permitted;

      (7) signs which employ reflective or luminous material or paint in their construction;

      (8) neon signs or signs with letters or features formed of internally illuminated glass or transparent tubing;

      (9) all internally-lighted signs; and

      (10) any off-premise sign, except for directional signs permitted in accordance with Section V.C.6 of this Local Law.

   b. No sign shall be located in such a way as to interfere with driver vision, pedestrian traffic or other traffic.

   c. Any illuminated sign or lighting device shall employ only lights emitting a light of constant intensity, and no sign shall be illuminated by or contain flashing, intermittent, rotating, or moving light or lights. String, rope or similar low-voltage lighting products shall not be formed into words or pictorial representations of commercial products. In no event shall an illuminated sign or lighting device be so placed or directed so as to permit the beams and illumination therefrom to be directed or beamed upon a public street, highway, sidewalk or adjacent premises so as to cause glare or reflection that may constitute a traffic hazard or other nuisance.

24

maintained to these standards. Sub-base standards may be modified by the Planning Board or the Building Inspector based on existing soil and subsoil conditions.

3. **Cash Payment in Lieu of On-Site Provision of Required Off-Street Parking Spaces.** Within the Hamlet Commercial (HC) and Hamlet Residential (HR) Districts, in those instances where the Planning Board has determined that parking cannot be sufficiently and/or safely accommodated on-site, provision of the minimum required number of off-street parking spaces, as calculated in accordance with Section V.B.1 above, may be alternatively satisfied for any commercial use, whether permitted by right or by special use permit, by payment to a special Town Parking Fund of an initial charge followed by an annual maintenance fee per parking space required but not provided on-site. Said Town Parking Fund shall be used exclusively by the Town Board for the development and subsequent maintenance of municipal parking spaces to service the needs of the affected properties and zoning districts within the Hamlet Commercial (HC) and Hamlet Residential (HR) Districts. The amount of said initial charge and annual fee per parking space alternatively provided shall be in accordance with the fee schedule established and annually reviewed by the Town Board. In setting such fee, the Town Board shall take into account the costs of acquiring property, carrying out suitable site development, and maintaining municipal parking facilities. Before utilizing this paragraph, the Planning Board must make every effort, including reducing the proposed development, to establish sufficient on-site off-street parking.

4. **Required Number of Off-Street Loading Berths.** Off-street loading berths, either open or closed, shall be required for the following uses:

   a. **General Uses.**
      1 berth per 10,000 to 25,000 square feet of floor area and 1 additional berth for each additional 25,000 square feet, unless truck deliveries do not exceed one vehicle per day.

   b. **Business Uses.**

      (1) Office and commercial uses:
         1 berth per 10,000 to 25,000 square feet of floor area and 1 additional berth for each additional 25,000 square feet.

      (2) Hotel, motel and vacation resort:
         1 berth for floor area in excess of 10,000 square feet.

   c. **Light Industrial Uses.**
      1 berth for the first 10,000 square feet of floor area and 1 additional berth for each additional 40,000 square feet.

5. **Design Standards for Off-Street Loading Berths.**

   a. Each required loading berth shall be at least twelve (12) feet wide, thirty-five (35) feet long, and fourteen (14) feet high.

   b. Unobstructed access, at least twelve (12) feet wide, to and from a street shall be provided. Such access may be combined with access to a parking lot. All permitted

d. No sign shall be erected or maintained which would project above the front or face of a building a distance of more than twelve (12) inches, except as otherwise provided herein, such as those projecting from the face of a theater or motel marquee. Any projecting or free-standing sign which projects into or above any pedestrian right-of-way or sidewalk shall have clearance of not less than eight (8) feet above the sidewalk or the surrounding ground level. No projecting or free-standing sign shall be permitted to project into or above any public driveway or thoroughfare for vehicular travel.

e. No sign shall be placed on the roof of any building.

f. No portable or temporary sign shall be placed on the front or face of a building or on any premises, except as otherwise provided herein.

g. No sign or part thereof shall contain or consist of banners, posters, pennants, ribbons, balloons, streamers, spinners, or similar moving, fluttering or revolving devices. Included within this prohibition are signs which are mechanically animated, such as moving, rotating or revolving signs. The said devices shall not be used for the purpose of advertising or attracting attention when not part of a sign.

h. All signs shall be constructed of wood, metal or other durable material approved by the Building Inspector. All signs shall be so constructed as to withstand reasonable wind and weather and to be neither a detriment nor a hazard to the public health, safety, and welfare. The Building Inspector shall issue notice to owners of signs in violation of this provision. Said owners shall be permitted ten (10) days within which to make necessary repairs to or remove all signs in violation of the provisions of this Section.

i. Any sign may consist in whole or in part of three-dimensional elements designed to physically represent the object advertised. No representational sign shall project more than three (3) feet beyond the principal structure to which it is attached, and shall be limited to a sign area of not more than ten (10) square feet. Only one (1) such sign per establishment shall be permitted. In calculating the sign area, the largest cross-sectional area, considering all possible views, shall be used.

2. Administrative Standards.

a. For the purpose of determining the number of signs, a sign shall be considered to be a display surface or device containing elements organized, related and composed to form a unit. Where advertising material is displayed in a random manner without an organized relationship of elements, each element shall be considered to be a single sign.

b. The surface area of a sign shall be computed to include the entire area within a regular geometric form, or contiguous combination of forms, comprising all of the display area of the sign and including all of the elements of the material displayed. Structural support members shall not be included in the calculation of sign surface area. Areas permitted are maximums for each face of the sign whether single-sided or two-sided, with the total area of all faces of any sign not exceeding twice the permitted area of one face.

    c.  For the purposes of this Local Law, the term "sign" shall not include signs erected and maintained pursuant to, and in the discharge of, any governmental function, or required by law, ordinance or governmental regulation. The term "sign" shall additionally not include the following:

        (1)  Memorial signs or tablets, names of buildings and/or dates of erection when cut into any masonry surface or when constructed of bronze, stainless steel or similar material.

        (2)  Displays of automotive maintenance merchandise by gasoline stations, located between the principal building and the gasoline pump island(s).

        (3)  Signs integral to gasoline pumps and racks for the display of automotive maintenance merchandise. The display of gasoline prices upon signs other than those integral to gasoline pumps shall be considered as signs.

        (4)  Traditional barber poles.

3.  Permitted Signs in All Districts.

    a.  The following signs are permitted in any use district without issuance of a sign permit or payment of a permit fee:

        (1)  For each Bed and Breakfast Establishment, artist studio, boarding house or apartment building, a single free-standing, wall or borderless sign not exceeding eight (8) square feet in area.

        (2)  A single free-standing, projecting or wall sign denoting the name and address of the occupant of a single-family premises, such sign not exceeding two (2) square feet in area, provided that a projecting sign shall not project more than three (3) feet from the principal building on the lot.

        (3)  A single free-standing, projecting or wall sign denoting the name, address, profession or home occupation of the occupants of the single-family premises on which the sign is located, such sign not exceeding two (2) square feet in area, provided that a projecting sign shall not project more than three (3) feet from the principal building on the lot.

    b.  The following signs are permitted in any use district, as a special permit use subject to the procedures and requirements of Section VI of this Local Law and the further requirement that a sign permit be issued in accordance with Section V.C.7 of this Local Law:

        Any sign advertising a commercial enterprise, other than a permitted home occupation, in a district zoned residential. Such sign shall not exceed ten (10) square feet in sign surface area and shall advertise only the name of the owner, trade names, products sold and/or the business or activity conducted on the premises where such sign is located.

4.  Permitted Signs in Business, Commercial and Light Industrial Districts. Within the Hamlet Commercial (HC), Neighborhood Commercial (NC), and Light Industrial (LI) Districts, no sign shall be erected and maintained unless a sign permit is issued prior to installation in accordance with Section V.C.7 of this Local Law.

a. The primary purpose of each sign shall be for identification and may state the owner's name, trade names, trademarks, products sold, and/or commercial activity conducted on the premises on which the sign is located. All signs must be located on the premises of the business activity, except as noted in Section V.C.6 of this Local Law which relates to directional signs.

b. Each business or industrial establishment so located shall be permitted one of the following alternative sign displays:

   (1) One (1) projecting double-faced sign, not exceeding ten (10) square feet per side, provided that such sign shall not project more than five (5) feet beyond the principal building on the lot; and provided further that such sign shall not extend more than thirteen (13) feet above ground level or exceed the height of the building at the point of location of the sign, whichever is more restrictive.

   (2) One (1) free-standing double-faced sign, not exceeding ten (10) square feet per side or face, provided that such sign shall not extend more than ten (10) feet above ground level at the point of location of the sign, nor be located closer than eight (8) feet to said ground level if located in an area of pedestrian traffic.

   (3) Not more than two (2) wall, hanging, or borderless signs having an aggregate area of not more than twenty-five (25) square feet, provided that neither of the signs extends above the height of the building at the point of location of such sign; and provided further that neither sign extends beyond the end of the building at the point of the location of such sign.

c. In addition to the signs described in Section V.C.4.b above, a restaurant shall be permitted one (1) menu board to be placed in the window or mounted flat against the face of the building not to exceed four (4) square feet in size.

5. **Temporary Signs.** All signs of a temporary nature, such as political posters, banners, and signs of a similar nature, restricted to church, school, civic and other non-profit functions, shall be permitted for a period of thirty (30) days, except as otherwise explicitly provided by this Section, without issuance of a sign permit or payment of a fee. Such signs shall not, however, be attached to fences, trees, utility poles, traffic signs, or the like, nor be placed in a position that will either obstruct or impair vision or traffic or in any manner create a hazard or disturbance to the health, welfare or safety of the general public. Such signs may not represent a commercial product, activity or enterprise, and shall not exceed twenty-four (24) square feet per side. All such signs shall be removed within seven (7) days of the close of the advertised event.

The following specific temporary sign types are more explicitly addressed by this Local Law as provided below:

a. Temporary window signs and posters shall be permitted without permit or fee, provided they do not exceed fifteen percent (15%) of the aggregate surface of the establishment's windows on the side of the building in which the temporary window signs and posters appear.

    b. Temporary "for sale" real estate signs and signs of a similar nature not exceeding four (4) square feet per side in area within any residential or commercial district, or ten (10) square feet per side in any light industrial district shall be permitted without any permit or fee. All such signs shall be removed immediately upon sale or lease of the premises.

    c. A temporary single-sided real estate development sign not exceeding ten (10) square feet shall be permitted without fee or permit on property being sold, leased or developed and is to be erected parallel to the fronting highway, set back not less than fifteen (15) feet, or attached to the building face. The sign shall be limited to a duration of twenty-four (24) months unless otherwise authorized by the Planning Board.

    d. A temporary single-sided construction sign denoting the architect, engineer, and/or contractor shall be permitted without permit or fee when placed upon premises under construction and for which a building permit has been issued, not exceeding four (4) square feet in sign area. Said sign shall be removed immediately upon issuance of a certificate of occupancy or use for the premises or upon termination or revocation of the building permit.

    e. A temporary garage sale, yard sale, barn sale, tag sale, or similarly descriptive sign, not exceeding six (6) square feet per side in area, located fully on the property on which such sale is being conducted, and restricted to a period of not more than forty-eight (48) hours in advance of the sale nor more than twelve (12) hours after its completion shall be permitted. Such signs shall be further restricted by the provisions of Section V.V of this Local Law.

6. Directional and Notification Signs.

    a. Business and public destinations that are isolated from primary routes of travel shall be permitted a maximum of two (2) off-site directional signs as a special permit use subject to the provisions of Section VI of this Local Law, the issuance of a sign permit in accordance with Section V.C.7, and the following additional requirements:

        (1) In locations with more than one (1) directional sign, all such signs shall be affixed to a common standard and shall be graphically coordinated and arranged so as to present a neat and orderly appearance. Any such standard shall be designed to accommodate the later addition of further directional signs.

        (2) No directional sign shall be more than three (3) square feet in area. In locations with more than one directional sign, the aggregate area of all such directional signs shall not exceed twelve (12) square feet.

    b. Each general, business or light industrial use may erect on-site directional and notification signs provided that the individual signs do not exceed two (2) square feet in area and are limited to such text as "Office," "Entrance," "Exit," "Reserved Parking" or "No Parking." Permits shall be granted only if the applicant can clearly demonstrate that any such on-site directional or notification sign will be set back not less than five (5) feet from any public right-of-way or any property line. During site plan review, as governed by Section VII of this Local Law, the Planning Board may recommend that the Building Inspector issue sign permits for such signs.

28

7. Sign Permit Required. Except as otherwise stated herein, no sign or other device for advertising or notification purposes of any kind shall be erected, established, added to, or altered until a sign permit, has been issued by the Building Inspector. All applications shall include such information as may be required by the Building Inspector to determine compliance with these sign regulations and shall be accompanied by payment of the required sign permit fee in accordance with a schedule established and reviewed annually by the Town Board.

D. **FENCES AND WALLS.**

1. Except as otherwise provided in Section V.D.2 or V.D.4 below, in any residential or commercial district, fences and walls shall not exceed six (6) feet in height when erected in a rear or side yard nor four (4) feet in height when erected within a front yard.

2. In the Light Industrial (LI) District, fences and walls shall not exceed eight (8) feet in height, except that on a residential district boundary line such fences or walls shall not exceed six (6) feet in height, as determined by the Planning Board.

3. In any district, all fences and walls shall conform to the requirements of Section IV.L.2 of this Local Law, as pertains to corner lots where special sight clearance considerations are necessary to protect traffic safety.

4. Fences and walls for the purposes listed below shall be permitted as follows, but shall not be located within the required front yard or within twenty (20) feet of any lot line, unless otherwise specified herein. All such fences shall be removed within twelve (12) months of the termination of the use for which they were erected.

   a. Tennis court enclosure: Chain link fence permitted up to ten (10) feet in height.
   b. Swimming pool enclosure: Fence permitted up to six (6) feet in height.
   c. Enclosures to prevent animal intrusion or escape:
      (1) Vegetable garden enclosure: Chain link or open mesh fence permitted up to eight (8) feet in height. If fence is to be less than four (4) feet in height, it may be located within the front yard or within twenty (20) feet of any lot line, and may be built from material chosen by the property owner or lessee. No such fence shall enclose a residence or other principal building.
      (2) Electric fence enclosure:
         (a) Electric fence permitted in all districts except the Floodway (FW) up to eight (8) feet in height and permitted in the required front yard provided a twenty (20) foot setback from the front lot line is maintained. Area enclosed must not exceed seventy percent (70%) of the property.
         (b) Electric fence shall be conspicuously posted at intervals of not more than twenty-five (25) feet so as to warn the public that it is electrified.
         (c) The area around the electric fence must be cleared of undergrowth and debris for a minimum of six (6) feet on the exterior side and two (2) feet on the interior side of the fence.