### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF NEW YORK

### HONORABLE THOMAS J. McAVOY

<u>UNIFORM PRETRIAL SCHEDULING ORDER</u>

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

OCT - 7 2002

LAWRENCE K. BAERMAN, CLERK
ALBANY

**GARY TRIESTMAN**

**Civil No.    02-CV-64**

    **vs.**

**TJM    / DRH**

**TOWN OF WOODSTOCK, NEW YORK, et al.**



Counsel for all parties having reported on the status of this action as directed by the Court, and the Court having considered the positions of the respective counsel regarding a schedule for the progression of the case,

**IT IS ORDERED** that:

**1) THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P.26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE.** <u>See</u> **Fed. R. Civ. P. 16(b).**

**2) VENUE MOTIONS** are to be filed **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (b)2 and are to be made returnable before the assigned Magistrate Judge.

**3) JURISDICTION MOTIONS** are to be <u>filed</u> **within sixty (60) days of the date of this Order** following the procedures set forth in Local Rule 7.1 (b) 1 (unless a party who is not an attorney is appearing pro se, in which case L.R. 7.1 (b)2 should be followed) and are to be made returnable before the assigned District Judge. Note that if the procedures set forth in L.R. 7.1 (b)1 are being followed, such motions should be <u>served</u> at least 35 days prior to this deadline in order for the "motion package" to be filed in a timely manner.

**4) JOINDER OF PARTIES:** Any application to join any person as a party to this action shall be made on or before **November 1**      **, 2002** .

**5) AMENDMENT OF PLEADINGS:** Any application to amend any pleading in this action shall be made on or before **November 1**      **, 2002** .

**6) DISCOVERY: All discovery in this matter is to be completed on or** before **March 15**      **, 2003** .      Service of discovery requests **must be made a sufficient number of days before this deadline** to allow responses to be served before the cut-off. Please refer to Local Rule 16.2 (Discovery Cut-Off ).

**Special procedures for management of expert witnesses:**

There shall be binding disclosure of the identity of expert witnesses (including a curriculum vitae) as set forth below.

   **(a) Expert Reports.** With regard to experts who are retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony:

   . (1) No later than **90 days prior to the discovery deadline** set in paragraph 6 above, **plaintiff(s)** shall identify such expert(s) and unless waived shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

   (2) No later than **45 days prior to the discovery deadline** set in paragraph 6 above **defendant(s)** shall identify such expert(s) and unless waived shall serve on the other parties the expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

   (3) No **depositions of experts** shall be taken until after the exchange of the above expert reports.

   (4) No later than **30 days prior to the discovery deadline** set in paragraph 6 above, the parties must identify any and all experts who will contradict or rebut evidence on the same subject matter identified by another party under subparagraphs 6(a)(1) and (2) above, and unless waived, shall serve on the other parties such expert's written report pursuant to Fed. R. Civ. P. 26(a)(2)(B).

   (5)  Motions to preclude expert witness testimony must be filed and served on or before the dispositive motion deadline as set forth in paragraph seven (7) below.

2

**NOTE**: If a **treating physician** is expected to be called as a witness, he or she must be identified **at least 90 days prior to the close of discovery**. The production of written reports prepared by treating physicians pursuant to Fed. R. Civ. P. 26(a)(2)(B) is encouraged as an aid to settlement but is not required by the Court. (See Notes of Advisory Committee on Rules 1993 Amendment).

**(b)** The failure to comply with the deadlines set forth in subparagraph (a) above may result in the imposition of sanctions, including the preclusion of testimony, pursuant to Fed. R. Civ. P. 16(f).

**(c)** In order to avoid the possibility of the unavailability of an expert witness at the time set for trial, counsel may preserve the testimony of such witness as outlined in 11 (B)(2) below for use at trial. In the absence of same the trial will proceed without such testimony.

**7) MOTIONS** other than those made under paragraphs 2 and 3 above are to be **filed** on or before **April 15**            **, 2003** .

**a) NON-DISPOSITIVE MOTIONS.** Non-dispositive motions (except venue motions-paragraph 2 above-and motions for injunctive relief) shall **NOT** be filed until after a conference with the Magistrate Judge, which is to be arranged through the Courtroom Deputy Clerk assigned to the Magistrate Judge. Before requesting such a conference to resolve discovery disputes, the parties must have complied with Local Rule 7.1 (d).

Non-dispositive motions, including discovery motions, shall be filed in accordance with Local Rule 7.1 (b)2 and, except for motions for injunctive relief, shall be made returnable before the assigned Magistrate Judge. Motions for injunctive relief shall be made returnable before the assigned District Judge unless the case has been referred to a Magistrate Judge pursuant to 28 U.S.C. § 636(c) ("consent" jurisdiction).

**b) DISPOSITIVE MOTIONS. The motion deadline for Local Rule 7.1(b)1 motions is the <u>deadline</u> for FILING the entire "<u>motion package</u>."** Therefore, in order to meet this deadline, any dispositive motion under Local Rule 7.1 (b)1 must be served at least 35 days prior to the deadline set in paragraph 7 above.

Dispositive motions shall be made returnable before the assigned District Judge unless the case has been assigned to a Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## 8 ) TRIAL DATES:

**a)** If no dispositive motions are filed by the date set in paragraph 7 above, the case will be marked trial ready and counsel and the parties should be prepared to proceed to trial as of that date. Otherwise, the case will be marked trial ready as of **April 15**, **2003**.

**It is anticipated that the trial will take approximately  2**  days to complete.

b) Trial is scheduled for **July 14**, **2003  at 9:30 A.M.** at the Federal Courthouse in **Albany**, New York.

This is a   non-jury   trial.

Trial dates are firm unless changed by the assigned Magistrate Judge or District Judge. Counsel and the parties are advised that the trial date may be moved up in accordance with 8(a) above. The unavailability of any witness, expert or otherwise, will not be grounds for a continuance. In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial.

Counsel are directed to report to the trial judge's chambers at least one-half hour prior to trial commencement to discuss jury selection and any other issues related to trial.

**9) SETTLEMENT CONFERENCE:** A settlement conference pursuant to Fed. R. Civ. P. 16(d) will be scheduled by the Court prior to the trial or as requested by the parties. In addition to counsel, a representative of **each party with settlement authority shall attend the settlement** conference or be available by telephone.

Prior to the settlement conference the parties are to have initiated settlement discussions. Plaintiff shall submit a **realistic demand** to defendant at least ten days before the conference, and defendant shall respond at least three days before the conference and shall submit a counteroffer, if appropriate. Failure to comply with these directions may result in sanctions.

**10) ASSESSMENT OF JUROR COSTS:** The parties are advised that pursuant to Local Rule 47.3, whenever any civil action scheduled for a jury trial is postponed, settled, or otherwise disposed of in advance of the actual trial, then, except for good cause shown, all juror costs, including Marshal's fees, mileage, and per diem, shall be assessed against the parties and/or their counsel as directed by the Court, unless the Court and the Clerk's Office are notified at least one full business day prior to the day on which the action is scheduled for trial in time to advise the jurors that it will be unnecessary for them to attend.

**11) PRETRIAL SUBMISSIONS:**

**Mandatory Fed. R. Civ. P. 26(a)(3) Disclosures (Jury and Non-Jury Cases)**

**i)** **Not later than thirty days before the Trial Ready Date** (as defined in paragraph 8(a) above) counsel shall provide to all other parties <u>and</u> file with the Court **in duplicate** the disclosures required under Fed. R. Civ. P. 26(a)(3).

**Note: The unavailability of any witness, expert or otherwise, will not be grounds for a continuance. In order to avoid the possibility of going forward with the trial without the testimony of an unavailable witness, counsel, where appropriate, shall preserve same before the trial ready date by written or video-taped deposition for possible use at trial. Please refer to the attached instruction sheet for the use of video-taped depositions.**

Those initial pretrial disclosures must include the following:

      a)    The name and, if not previously provided, the address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises;

      b)    The designation of those witnesses whose testimony is expected to be presented by means of a deposition (including video-taped deposition), specifically identifying the pertinent portions of the deposition testimony to be offered; and

      c)    An identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

  **ii)  Within fourteen days after service of the Rule 26(a)(3) initial pretrial disclosures**, any party served with such Rule 26(a)(3) disclosures shall serve and file with the court **in duplicate** a list of any objections to the proposed use of deposition testimony designated by another party and objections to the admissibility of exhibits described in the initial disclosures, together with a summary of the grounds for objection.

      **Note:** All objections not disclosed in a timely manner in accordance with this rule, other than objections under Fed. R. Evid. 402 and 403, are waived unless excused by the Court for good cause.

  **iii)  Non-Jury Trials**: **One week before the Trial Ready Date** counsel shall submit to the Clerk's Office their joint pretrial stipulation **in duplicate** (see subparagraph A below) and all depositions (including video-taped depositions) to be used at trial (see subparagraph D below). In addition to this and the required mandatory pretrial disclosures referenced above (i.e., witness, deposition excerpt, and exhibit lists), **one week before the Trial Ready Date** counsel for each party shall submit to the Clerk's Office **in duplicate**, with a copy to opposing counsel, **(1)** prepared findings of fact and conclusions of law; **(2)** a letter brief concerning any evidentiary issues (see subparagraph C below); and **(3)** a trial brief (see subparagraph E below).

**iv)   Jury Trials: One week before the Trial Ready Date** counsel shall submit to the Clerk's Office their joint pretrial stipulation **in duplicate** (see subparagraph A below) and all depositions (including video-taped depositions) to be used at trial (see subparagraph D below).  In addition, **one week before the Trial Ready Date** counsel for each party shall submit to the Clerk's Office **in duplicate**, with a copy to opposing counsel, **(1)** Court Ordered Voir Dire (attachment #1); **(2)** proposed voir dire; **(3)** a letter brief concerning any evidentiary issues (see subparagraph C below; **(4)** a trial brief (see subparagraph E below); and **(5)** requests to charge, including a proposed Special Verdict Questionnaire (see subparagraph F below).

**(A)   PRETRIAL STIPULATIONS**: A joint pretrial stipulation shall be subscribed by counsel for all parties and shall be filed with the Clerk's Office **in duplicate one week before the Trial Ready Date** and shall contain:

**(1)**   The basis of federal jurisdiction;

**(2)**   A list of all exhibits which can be stipulated into evidence or which will be offered without objection as to foundation;

**(3)**   Relevant (a) facts not in dispute, (b) facts in dispute, and (c) issues of law to be considered and applied by the Court.

**(B)   EXHIBITS**: All exhibits shall be marked for identification in the manner prescribed below prior to the filing of the trial briefs. A complete set of copies of the exhibits, along with the original and one copy of the exhibit list (see subparagraph 1 below), shall be presented to the Judge's Courtroom Deputy Clerk at the beginning of the trial.

The exhibits shall have been inspected by the opposing party and copied at their expense (unless waived) **NO LATER THAN ONE WEEK PRIOR TO THE TRIAL READY DATE**.  All documents and/or papers intended as exhibits or to be used during the course of trial, including but not limited to documents, photographs, charts, diagrams, etc., shall be assembled in **BINDERS** with each document properly marked at the lower right corner for identification purposes as directed below. In voluminous cases, consult with the Judge's Courtroom Deputy Clerk for the proper procedure to follow.

**\*<u>NOTE</u>:  During the course of trial the Courtroom Deputy Clerk shall take charge of exhibits which are <u>received into evidence</u>.  At the conclusion of the trial, the Deputy Clerk will immediately return all of the exhibits to the proper parties. It is the responsibility of the parties to maintain the exhibits and to produce the exhibits for any appeal.**

**(1)    <u>EXHIBIT LISTS:</u>**  The exhibits shall be listed on the form prescribed by the Court, a copy of which is attached to this Order. Counsel are to supply all the requested information with the exception of the two "Date Boxes" which should remain blank. The original and one copy of the exhibit list shall be given to the Judge's Courtroom Deputy Clerk along with the exhibits at the beginning of the trial.

**(2)    <u>EXHIBIT MARKERS:</u>**  Counsel shall fill in the appropriate markers leaving the "File" and "Deputy Clerk" lines blank. All exhibits shall be assigned numbers by using a prefix of "P" for plaintiff, "D" for defendant, and "G" for Government (U.S. Attorney).

Plaintiff's exhibits should be denoted as: P-1, P-2, P-3, etc. Defendant's exhibits should be denoted as: D-1, D-2, D-3, etc. Government's exhibits should be denoted as: G-1, G-2, G-3, etc. In cases involving multiple defendants, the exhibits shall be denoted with the initial of the last name of the defendant and its numerical identification number.

Stickers shall be affixed whenever possible to the lower right-hand corner of the exhibit. If the exhibit marker is going to cover any information on the exhibit, then affix the marker to the reverse side of the exhibit. Each exhibit shall also have an exhibit number in the upper right hand corner of the exhibit. (P-1, P-2, etc. or D-1, D-2, etc.)

**(C)    <u>EVIDENTIARY ISSUES (Motions in Limine)</u>: One week before the Trial Ready Date** counsel shall file with the Clerk's Office, **in duplicate**, with a copy to opposing counsel, a letter brief containing a concise statement of any and all evidentiary issues to be presented upon trial, citing the applicable rules of evidence and case law.

8

**(D)**   <u>**DEPOSITIONS**</u>: All depositions (including video-taped depositions) to be used at trial shall be filed with the Clerk's Office **at least one week before the Trial Ready Date**. Not earlier than one week and not less than four days prior to the Trial Ready Date, each party shall indicate to the other party the portion of the deposition to be offered. To the extent possible, objections are to be resolved between the parties. Areas of unresolved disagreement shall be presented to the Court for ruling prior to the Trial Ready Date. (See attached instruction sheet for use of video-taped depositions.)

**(E)**   <u>**TRIAL BRIEFS**</u>: **One week before the Trial Ready Date** counsel shall file with the Clerk's Office **in duplicate**, with a copy to opposing counsel a trial brief containing argument and citations on any and all disputed issues of law, citing the applicable rules of evidence and case law.

**(F)**   <u>**REQUESTS TO CHARGE**</u>: **One week before the Trial Ready Date**, counsel shall file with the Clerk's Office a request to charge and a proposed Special Verdict Questionnaire on a 3.5-inch computer disk, preferably in WordPerfect format, and on paper **in duplicate**, with a copy to opposing counsel. The request to charge need only include instructions that are specific to the law in this case regarding liability, damages, and any unusual issues. The Court has the usual boilerplate charge.

**IT IS FURTHER ORDERED:**

That this case will not follow the Alternate Dispute Resolution track.

DATED:<u>October 7, 2002</u>
        **Albany, New York**

_____
                **David R. Homer**
            **U.S. Magistrate Judge**

## COURT ORDERED VOIR DIRE
## TO BE USED BY THE JUDGE AT TRIAL


CASE TITLE:————————————————— VS. ————————————————————————

CIVIL ACTION NO.: ——————— -CV- ———————

ASSIGNED JUDGE OR MAGISTRATE JUDGE: ——————————————————————————

### ATTACHMENT #1

      Each attorney is required to submit the following information on behalf of his/her client for use by Court during Voir Dire and must be filed with the Court one week in advance of the trial ready date.

**NAMES AND ADDRESSES OF ALL PARTIES TO THE LAW SUIT.**

(Use additional page if necessary)

**YOUR NAME, FIRM NAME, ADDRESS AND THE NAME OF ANY PARTNER OR ASSOCIATE WHO MAY BE AT COUNSEL TABLE DURING THE COURSE OF THE TRIAL.**

(Use additional page if necessary)

**SET FORTH THE DATE OF THE OCCURRENCE, THE PLACE OF THE OCCURRENCE AND A BRIEF STATEMENT OF THE EVENTS CENTRAL TO THE LITIGATION.**

(Use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL LAY WITNESSES TO BE CALLED.**

(Use additional page if necessary)

**SET FORTH THE NAMES AND ADDRESSES OF ALL EXPERT WITNESSES TO BE CALLED GIVING A BRIEF DESCRIPTION OF THEIR AREA OF EXPERTISE.**

(Use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY CAUSE OF ACTION IN THE COMPLAINT.**

(Use additional page if necessary)

**SET FORTH A BRIEF DESCRIPTION OF EACH AND EVERY AFFIRMATIVE DEFENSE ASSERTED AS WELL AS A STATEMENT ADDRESSING ANY COUNTERCLAIMS RAISED IN THE ANSWER.**

(Use additional page if necessary)

**PLEASE TAKE NOTICE** that any delay in jury selection occasioned by the failure to provide this information will be explained to the jury as to the extent of the delay and the attorney causing same and if the delay causes a one day or more postponement of this trial, appropriate monetary sanctions will be imposed by the Court.

Submitted by: _____

Date: _____

12

FINAL PRETRIAL ORDER - CONTINUED...

## INSTRUCTIONS FOR THE USE OF VIDEO TAPED DEPOSITIONS

COUNSEL ARE TO VIEW ALL VIDEOTAPES WHICH MAY BE OFFERED INTO EVIDENCE. AT THE TIME OF TRIAL ALL VIDEO-TAPED DEPOSITIONS TO BE USED AT TRIAL SHALL BE FILED WITH THE CLERK'S OFFICE AT LEAST ONE WEEK BEFORE THE TRIAL READY DATE. NOT EARLIER THAN ONE WEEK AND NOT LESS THAN FOUR DAYS PRIOR TO THE TRIAL READY DATE, EACH PARTY SHALL INDICATE TO THE OTHER PARTY THE PORTION OF THE DEPOSITION TO BE OFFERED. TO THE EXTENT POSSIBLE, OBJECTIONS ARE TO BE RESOLVED BETWEEN THE PARTIES. COUNSEL SHALL SUBMIT ALL OBJECTIONS, IN WRITING, TO THE COURT FOR RULING PRIOR TO THE TRIAL READY DATE.

---

THE CLERKS OFFICE HAS AVAILABLE A VHS FORMAT VIDEO CASSETTE PLAYER AND TELEVISION FOR USE AT TRIAL. PLEASE BE ADVISED THAT YOU MUST PROVIDE A PERSON TO RUN THE EQUIPMENT DURING THE COURSE OF THE TRIAL.

---

## ELECTRONIC VISUAL EVIDENCE PRESENTOR

IN ADDITION TO THE VIDEO EQUIPMENT NOTED ABOVE, THE COURT HAS AVAILABLE A VISUAL EVIDENCE PRESENTER WHICH WILL ALLOW COUNSEL TO DISPLAY PHOTOS (NEGATIVES OR POSITIVES), DOCUMENTS, X-RAYS, AND 3-D OBJECTS, WITHOUT WIRES, ON TELEVISIONS PLACED THROUGHOUT THE COURTROOM. THIS EQUIPMENT IS AVAILABLE AT THE COURTHOUSES IN ALBANY, SYRACUSE, UTICA AND BINGHAMTON. USE OF THE VISUAL PRESENTER MAY BE REQUIRED BY THE TRIAL JUDGE PRESIDING OVER YOUR CASE. FOR FURTHER INFORMATION ON THE USE OF THIS EQUIPMENT, PLEASE CONTACT THE COURTROOM DEPUTY CLERK FOR THE ASSIGNED TRIAL JUDGE.

Page 1 of _____

# U.S. DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF NEW YORK

CASE NO: _____

DATE: _____

PRESIDING JUDGE: _____

( ) PLAINTIFF          ( ) DEFENDANT          ( ) COURT

DATE:

| EXHIBIT NUMBER | MARKED FOR IDENTIFICATION | ADMITTED INTO EVIDENCE | REMARKS | WITNESS | EXHIBIT DESCRIPTION |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBITS RETURNED TO COUNSEL (DATE): _____

SIGNATURE: _____

14

Page _____ of _____

DATE:

| EXHIBIT NUMBER | MARKED FOR IDENTIFICATION | ADMITTED INTO EVIDENCE | REMARKS | WITNESS | EXHIBIT DESCRIPTION |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

EXHIBITS RETURNED TO COUNSEL (DATE): _____

SIGNATURE: _____

15

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____-CV- _____

PLAINTIFF EXHIBIT NO.————————————

DATE ENTERED: ————————————

### LAWRENCE K. BAERMAN, CLERK

BY: ————————————
### DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____-CV- _____

DEFENDANT EXHIBIT NO.————————————

DATE ENTERED:————————————

### LAWRENCE K BAERMAN, CLERK

BY: ————————————
### DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____-CV- _____

PLAINTIFF EXHIBIT NO.————————————

DATE ENTERED: ————————————

### LAWRENCE K. BAERMAN, CLERK

BY: ————————————
### DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____-CV- _____

DEFENDANT EXHIBIT NO.————————————

DATE ENTERED:————————————

### LAWRENCE K BAERMAN, CLERK

BY: ————————————
### DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____-CV- _____

PLAINTIFF EXHIBIT NO.————————————

DATE ENTERED: ————————————

### LAWRENCE K. BAERMAN, CLERK

BY: ————————————
### DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____-CV- _____

DEFENDANT EXHIBIT NO.————————————

DATE ENTERED:————————————

### LAWRENCE K BAERMAN, CLERK

BY: ————————————
### DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____-CV- _____

PLAINTIFF EXHIBIT NO.————————————

DATE ENTERED: ————————————

### LAWRENCE K. BAERMAN, CLERK

BY: ————————————
### DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CASE NO. _____-CV- _____

DEFENDANT EXHIBIT NO.————————————

DATE ENTERED:————————————

### LAWRENCE K BAERMAN, CLERK

BY: ————————————
### DEPUTY CLERK

16