# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF NEW YORK

## MOTION REJECTION ORDER

Re: Gary Triestman       vs.    Shultis, et al.

Case Number: 1:02-cv-0064 (TJM/DRH)

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
AT _____ O'CLOCK
Lawrence K. Baerman, Clerk - Binghamton

Papers Rejected:
Plaintiff's Motion to the Court for sanctions for defendant's discovery breach with attached supporting affirmation.

**ORDERED** that the enclosed paper(s) in the above-entitled action have been rejected and returned herewith by the Court, for the following reason(s) checked below. Please read this list carefully to correct the mistakes in your papers. After you correct your papers, you may return them to the Clerk's Office for processing TOGETHER WITH THIS Order.

1. [ ] Local Rule 7.1(b)(2) provides that motions must be filed and served no later than 28 days prior to the date fixed for argument. Opposition papers and/or cross-motions must be filed and served no later than 14 days prior to the date fixed for argument. No extension of time is allowed for mailing.

2. [ ] Local Rule 7.1(b)(2) provides that reply papers may only be filed with prior leave of Court and seven (7) days prior to the date fixed for argument.

3. [X] Local Rule 7.1(a) provides that the moving or non-moving party file and serve a memorandum of law and an affidavit in support of, or in opposition to, such motion.

4. [ ] Local Rule 7.1(c) provides that all briefs and memoranda submitted to the court must be limited to 25 pages of text unless prior leave of Court has been granted.

5. [ ] Discovery motions will only be heard following a discovery conference to be arranged through the Courtroom Deputy for the assigned Magistrate Judge. If a Magistrate Judge has not been assigned to the action, the conference request shall be made through the Courtroom Deputy Clerk for the assigned District Judge.

6. [ ] Local Rule 7.1(d) provides that discovery motions must be accompanied by an affidavit stating that the parties have been unable to resolve such disputes despite good faith efforts. All discovery motions must also indicate the date that a discovery conference was held with the Court prior to the filing of any discovery motion.

7. ☐ Local Rule 7.1(f) provides that summary judgment motions must include a separate, short and concise statement of material facts as to which the moving party contends there is no genuine issue in dispute. Opposition papers must include a similar statement of material facts to which the opposition contends there _is_ a genuine issue in dispute.

8. ☐ Motions for Entry of Default Judgment must be filed in accordance with Local Rule 7.1(a). Motions must include an affidavit in support of the motion. Motions for default judgment cannot be filed unless there is an entry of default by the clerk under FRCP 55(a).

9. ☐ The motion filing deadline has expired pursuant to Uniform Pretrial Scheduling Order/Final Pretrial Order.

10. ☒ The clerk has been directed to return this document without filing.

11. ☐ Other: _____

SO ORDERED,

_____
Hon. Thomas J. McAvoy
United States District Judge

Dated: 4-22-03
Binghamton, New York

Note: A copy of this Order has been served upon the parties to this action.

Revised: 4/26/01

Page 2 of 2

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GARY TRIESTMAN,

          PLAINTIFF,        CIVIL CASE NO. 02-CV-0064 (TJM/DRH)

-VS-

THE TOWN & MUNICIPALITY OF WOODSTOCK, NY;
PAUL SHULTIS [in personal and official capacities],
Zoning Enforcement Officer;
OTHER CURRENTLY UNKNOWN NAMED EMPLOYEES
OF THE TOWN OF WOODSTOCK,

          DEFENDANTS.        Motion to the Court for sanctions,
                                          for Defendant's discovery breach.
_____

     As the court was previously noticed, the Defendant in this case was served by counsel with a set of Interrogatories and Demand for Production of Documents on December 21, 2002, in person by Suzanne Caley.

     To date although Plaintiff has numerously noticed the Defendant and sought to resolve this issue informally, Plaintiff has received neither a return on those discovery requests, an Enlargement Motion, or a Motion for Protective Order, nor any communication had been received from the Defendant at all on this issue.

     There was a 30 day time limit response time to those requests, pursuant to FRCvP 26 et seq. Furthermore, pursuant to the court's scheduling order of 10-7-2002, paragraph 6, these deadlines were fixed by the court at March 15, 2003.